UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WATKINS,<br><br>   Plaintiff,<br><br>   v.<br><br>JEFF LYNCH, et al.,<br><br>   Defendants. | No. 2:20-cv-1360 DB P<br><br><br>ORDER |

     Plaintiff is a state prisoner proceeding pro se with a civil rights action 42 U.S.C. §1983. Plaintiff claims officers failed to protect him in violation of his Eighth Amendment. Presently before the court is plaintiff's motion for the appointment of counsel. (ECF No. 7.)

     In support of his motion plaintiff argues counsel should be appointed because he cannot afford counsel, his imprisonment will interfere with his ability to litigate this case, and he has attempted to obtain counsel on his own.

     The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

     The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

1  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
2  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
3  common to most prisoners, such as lack of legal education and limited law library access, do not
4  establish exceptional circumstances that would warrant a request for voluntary assistance of
5  counsel.
6      In the present case, the court does not find the required exceptional circumstances.
7  Plaintiff's arguments amount to nothing more than circumstances common to most prisoners.
8  Therefore, the court will deny the motion without prejudice.
9      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
10 counsel (ECF No. 7) is denied.
11 Dated:  November 18, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner.Civil.Rights/watk1360.31