UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WATKINS, | No. 2:20-cv-1360 DB P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges prison officials violated his rights in connection with an incident in which plaintiff was attacked by fellow inmates. Presently before the court, is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and give plaintiff the option to proceed with the complaint as screened or amend the complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff claims the events giving rise to his claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 1 at 1.) Plaintiff has identified the following individuals as defendants in this action: (1) Jeff Lynch, warden at CSP-SAC; (2) R. Haynie, correctional lieutenant at CSP-SAC; (3) T. Klein, correctional sergeant at CSP-SAC; (4) E. Enriquez, correctional officer at CSP-SAC; (5) M. Sawaya, correctional officer at CSP-SAC;

1   (6) A. Rivera, correctional officer at CSP-SAC; (7) J. Howard, correctional counselor at CSP-
2   SAC; (8) J. Lewis; (9) Beck, correctional officer at CSP-SAC; (10) Sterken, correctional officer
3   at CSP-SAC; and (11) S. Prasad, nurse at CSP-SAC.  (Id. at 1-2.)

4         Plaintiff alleges that on April 18, 2019 officers Enriquez and Sawaya approached cell
5   number 107 to assess a racial threat to security.  (Id. at 7.)  The inmate in cell 107 was making
6   banging noises and stated, "Ima kill that nigger."  Enriquez and Sawaya turned and walked away.
7   Plaintiff and a fellow inmate were called to the office where Enriquez, Sawaya, and Rivera asked
8   them about the inmate in cell 107.  Plaintiff told the officers that he had not done anything to the
9   inmate in cell 107.  Sawaya then stated, "That motherfucker broke his window and whatever his
10  problem with [plaintiff], he can take that shit to the yard, and they can kill each other."

11        Enriquez, Sawaya, and Rivera allowed the verbal threats to continue as the inmates were
12  released onto the yard.  (Id.)  Rivera opened cell 107 and the sole occupant ran into cell 106 and
13  attacked plaintiff while he was on top of his bunk.  Plaintiff jumped off the bunk and ran away.

14        Plaintiff states defendant Howard "with malicious intent allowed 3 inmates to get up and
15  attack" plaintiff.  Plaintiff distanced himself so that Howard could protect him from the four
16  inmate attackers.  Defendant Klein ordered all responding officers to maintain their position and
17  watched an inmate run from outside to severely attack plaintiff.  Plaintiff attempted to run down
18  the stairs as he was attacked.  (Id. at 8.)  He was "sprayed" in the face while he was trying to get
19  protection from officers.

20        After he was sprayed, plaintiff yelled that he is not able to see or hear.  (Id.)  After he was
21  restrained, plaintiff asked for medical assistance as well as his hearing aids and shoes.  Plaintiff
22  had a wound on the left side of his body from a piece of glass.  He asked for medical care again
23  but was threatened with a rules violation report.  Plaintiff told Lewis that plaintiff had a cellphone
24  in his pocket.  Lewis removed the phone and handed it to another officer.

25        Prasad told plaintiff he would be evaluated once he was taken to a holding cell, but Prasad
26  did not follow up to ensure plaintiff was evaluated.  After an investigation, Sawaya brought
27  plaintiff his hearing aids.  Rivera brought plaintiff a property inventory form, but plaintiff
28  declined to sign it because it was incomplete.  Plaintiff told Rivera there were missing items and

1  Rivera stated "everything is packed inside the cell." Rivera then made a notation indicating
2  plaintiff refused to sign the form.

3       Plaintiff also included allegations stating that Warden Lynch was legally responsible for
4  the operation of CSP-SAC. (Id. at 5.) He appears to allege that Lynch failed to maintain an
5  environment free of drugs, weapons, and cell phones. He also indicates that Lynch was aware of
6  a racial threat "sometime in the first quarter of 2019" and instituted a modified lockdown. (Id. at
7  6.) Plaintiff further states that Lynch failed to investigate the threat and did not authorize a
8  thorough search.

9      **III.**    **Does Plaintiff State a § 1983 Claim?**

10         **A. Eighth Amendment**

11      The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.
12 Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual
13 punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986);
14 Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
15 Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
16 and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
17 by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

18         **1. Failure to Protect**

19      A failure to protect claim under the Eighth Amendment requires a showing that "the
20 official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer v. Brennan,
21 511 U.S. 825, 837 (1994). "Whether a prison official had the requisite knowledge of a substantial
22 risk is a question of fact subject to demonstration in the usual ways, including inference from
23 circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a
24 substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The
25 duty to protect a prisoner from serious harm requires that prison officials take reasonable
26 measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos,
27 152 F.3d 1124, 1128-29 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of
28 pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted

with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Plaintiff has alleged officers Enriquez, Sawaya, and Rivera were aware of a threat by an inmate and did not take adequate actions to prevent an attack. (ECF No. 1 at 7-9.) Such allegations are sufficient to state an eighth Amendment claim against these defendants.

Plaintiff has also alleged defendants Howard and Klein failed to adequately protect him when other inmates attacked plaintiff. (Id.) The court finds such allegations minimally sufficient to state a claim for the purposes of § 1915A.

### 2. Denial of Medical Treatment

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which

////

1    prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

2    Cir. 1988).

3    Before it can be said that a prisoner's civil rights have been abridged with regard to

4    medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'

5    'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

6    Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

7    Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

8    diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

9    Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of

10   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

11   the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

12   Finally, mere differences of opinion between a prisoner and prison medical staff or

13   between medical professionals as to the proper course of treatment for a medical condition do not

14   give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d

15   330,332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon,

16   662 F.2d 1337, 1344 (9th Cir. 1981).

17   Plaintiff claims Prasad failed to ensure that plaintiff received medical attention after he

18   was injured by the assault. The court finds such allegations minimally sufficient to state a claim

19   for the purposes of § 1915A.

20   **B. Supervisory Liability**

21   Under § 1983, liability may not be imposed on supervisory personnel for the actions or

22   omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556

23   U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21(9th Cir. 2010);

24   Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930,

25   934 (9th Cir. 2004). "A supervisor may be liable only if (1) he or she is personally involved in the

26   constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's

27   wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th

28   Cir. 2013) (citations omitted); Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062,

1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has named warden Lynch as a defendant in this action and alleges he violated plaintiff's rights because he is responsible for the operation of CSP-SAC.  However, plaintiff has not stated specific allegations showing that Lynch was personally involved in the events giving rise to the incident.  Plaintiff's allegation that Lynch was aware of a threat or failed to maintain a prison environment free of contraband are too vague and conclusory to show rights violation.  See Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982).  Accordingly, plaintiff's allegations fail to state a claim against defendant Lynch.  In any amended complaint plaintiff must state facts showing that Lynch was personally involved in the incident, or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C. Insufficient Factual Allegations

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff alleges that plaintiff told Lewis he had a cellular phone, Lewis confiscated the phone, and gave it to another officer.  (ECF No. 1 at 8.) Such allegations are insufficient to state

a § 1983 claim.  Plaintiff has not identified, and the court is unaware of any federal or constitutional right violated by the actions as set forth in the complaint.  Franklin v. Terr, 201 F.3d 1098, 1100 (9th Cir. 2000) ("To state a claim under § 1983 plaintiff must allege that (1) he was deprived of a right secured by the Constitution or federal law; and (2) the defendant acted 'under color of state authority' in depriving the plaintiff of this right.").  Accordingly, plaintiff has failed to state a claim against Lewis.

Plaintiff has failed to state factual allegations related to defendant Haynie, Beck, and Sterken.  In order to state a claim against any defendant plaintiff must provide facts showing how that defendant's action or inaction violated his rights.  Absent such facts, the court cannot find that plaintiff stated a claim against these defendants.  In any amended complaint, plaintiff must state facts showing how each named defendant was involved in the alleged rights violations.

**IV.     Amending the Complaint**

As set forth above, plaintiff has stated a claim against some defendants and failed to state a claim against others.  Accordingly, plaintiff will be given the option to proceed with the complaint as screened or to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSIION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

10

3. The complaint (ECF No. 1) states potentially cognizable Eighth Amendment claims against Enriquez, Sawaya, Rivera, Klein, Howard, and Prasad as set forth in Section III above. The complaint does not state a claim against the remaining defendants.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

4. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 11, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/ORDERS/PRISONER/CIVIL.RIGHTS/watk1360.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WATKINS, | No. 2:20-cv-1360 DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| JEFF LYNCH, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his claims Eighth Amendment claims against defendants Enriquez, Sawaya, Rivera, Howard, Klein, and Prasad.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____

_____
Maurice Watkins
Plaintiff pro se