UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:20-cv-1360 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action 42 U.S.C. §1983. Plaintiff claims officers failed to protect him in violation of his Eighth Amendment. Presently before the court is plaintiff's motion for an extension of time to file an amended complaint (ECF No. 38) and defendants' motion to stay discovery (ECF No. 37). For the reasons set forth below, the court will deny plaintiff's motion as moot and grant defendants' motion to stay discovery.

**I.    Plaintiff's Motion for an Extension of Time to File an Amended Complaint**

Plaintiff has filed a motion seeking a sixty-day extension of time to file an amended complaint. (ECF No. 38.) He states that he would like a sixty-day extension in order to hire counsel near his release date of February 15, 2022. (Id. at 1-2.)

Because there is no current deadline for filing an amended complaint, the court will deny plaintiff's request for an extension of time to file an amended complaint. However, plaintiff is advised that pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service

of a responsive pleading or motion pursuant to Rule 12(b).  In all other cases, a plaintiff may amend his complaint with defendant's written consent or the court's leave.  Fed. R. Civ. P. 15.  Leave is required because defendants filed their answer on August 17, 2021.  (ECF No. 29.)

"Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces undue delay in the litigation; or (4) is futile."  Id.  Additionally, Local Rule 137(c), requires plaintiff to file a copy of the proposed amended complaint attached as an exhibit to any motion to amend.

**II.    Defendants' Motion to Stay Discovery**

Defendants have filed a motion to stay merits-based discovery and vacate the discovery and dispositive deadlines set forth in the court's August 8, 2021 discovery and scheduling order ("DSO") (ECF No. 33).  (ECF No. 37.)

In support of their motion defendants argue that their motion for summary judgment, filed concurrently with the motion to stay discovery, argues plaintiff failed to properly exhaust administrative remedies and potentially disposes of the case in its entirety.  Thus, they argue, expenditure of resourced to conduct discovery on the merits would be unnecessary if the summary judgment motion is granted.

The Court has broad discretion to manage discovery.  Hallet v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, issue a protective order or stay of discovery if it determines such order will promote efficiency.  Fed. R. Civ. P. 26(c); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

The Ninth Circuit has explicitly recognized that delaying discovery on the merits of plaintiff's claims pending resolution of an exhaustion motion is appropriate.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims, and "discovery directed to the merits of the suit" should be left until later.).  Defendants would be entitled to summary judgment on plaintiff's

claims if the court determines his claim is unexhausted. Id. at 1166. Accordingly, the pending motion has the potential to resolve this action entirely, obviating the need for merits-based discovery. Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014).

Plaintiff has not indicated any opposition to a stay of discovery. In the absence of any actual prejudice to plaintiff and good cause having been shown, defendants' motion to stay discovery pending resolution of his exhaustion motion shall be granted.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 38) is denied;

2. Defendants' request to stay discovery (ECF No. 37) is granted;

3. All merits-based discovery is stayed;

4. If defendants' motion for summary judgment is denied, the court will set new deadlines for merits-based discovery.

Dated: December 13, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner.Civil.Rights/watk1360.eot(P)disc(D)