UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE WATKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF LYNCH, et al.,<br><br>        Defendants. | No.  2:20-cv-1360 KJM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action 42 U.S.C. § 1983.  Plaintiff claims officers failed to protect him in violation of his Eighth Amendment.  For the reasons set forth below, the court will recommend that this action be dismissed because plaintiff has failed to file an opposition to defendants' motion for summary judgment.

**I.      Relevant Procedural History**

This action proceeds on plaintiff's original compliant.  (ECF No. 1.)  Upon screening, the undersigned determined the complaint stated a potentially cognizable Eighth Amendment claim against defendants Enriquez, Sawaya, Rivera, Klein, Howard, and Prasad.  (ECF No. 9.)  Plaintiff was given the option to proceed with the complaint as screened or to file an amended complaint.  (Id.)  Plaintiff opted to proceed immediately on his Eighth Amendment claims and voluntarily dismiss all other claims and defendants.  (ECF No. 12.)

Following service, this action was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project.  (ECF No. 23.)  Defendants opted out of the settlement

1  conference. (ECF Nos. 26, 26.) On November 15, 2021, defendants moved for summary
2  judgment arguing that plaintiff failed to exhaust administrative remedies prior to filing suit. (ECF
3  No. 36.) Thereafter, plaintiff sought an extension of time to file an amended complaint. (ECF
4  No. 38.) The court denied the request for an extension of time to file an amended complaint
5  without prejudice. (ECF No. 40.)

6      By order dated March 21, 2022, plaintiff was ordered to file an opposition to the motion
7  for summary judgment. (ECF No. 44.) The order was returned as undeliverable. A search of the
8  California Department of Corrections and Rehabilitation's inmate locator[1] website,
9  http://www.inmatelocator.cdcr.ca.gov, indicates that plaintiff is no longer in custody. Plaintiff
10 has failed to notify the court of his new address as required by Local Rules 182(f) and 183(b).

11 **II.      Legal Standards**

12     "District courts have the inherent power to control their dockets and in the exercise of that
13 power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v.
14 L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260
15 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal,
16 since it denies the plaintiff his day in court; and as a result, it is reserved for use only in the most
17 extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d
18 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or
19 failure to comply with a court order, the court must weigh the following factors: (1) the public's
20 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
21 risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public
22 policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.
23 ////
24 ////

---

[1] The court may take judicial notice of public information stored on the California Department of Corrections and Rehabilitation (CDCR) website. See Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); Pacheco v. Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (court may take judicial notice of CDCR's Inmate Locator system).

**III.  Analysis**

**A.  Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action has been pending since June 16, 2020.[2]  (ECF No. 1 at 10.)  Defendants' motion for summary judgment was filed on November 15, 2021, almost six months ago.  (ECF No. 36.)  After filing a motion for an extension of time to file an amended complaint in November (ECF No. 38), plaintiff stopped responding to court orders.  Plaintiff's failure to respond to orders and update his address has prevented this action from moving forward.  Accordingly, this factor favors dismissal.

**B.  Court's Need to Manage its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As set forth above, plaintiff has stopped responding to court orders.  Thus, it appears he has lost interest in litigating this action.  Further, time spent by the court on this action would consume scarce judicial resources[3] in addressing litigation which plaintiff demonstrates no intention to pursue.  Accordingly, this factor weighs in favor of dismissal.

**C.  Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[3] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

1  case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal
2  Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently
3  prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991.)

Plaintiff's failure to oppose the motion for summary judgment, has prejudiced defendant by hindering resolution of this action. Ciria v. Blackwell, No. 2:10-cv-1351 TLN DAD P, 2014 WL 11774839 at *2 ("Plaintiff's failure to oppose defendant's motion for summary judgment prevents them from addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action . . . ."); Mitchell v. Garrett, 2019 WL 2544522 at *2 (E.D. Cal. June 20, 2019) ("Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.").  Accordingly, this factor weighs in favor of dismissal.

### D.  Availability of Less Drastic Alternatives

Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).

Plaintiff was previously advised of his duty to oppose a motion for summary judgment. (ECF No. 33 at 6-7, 9.)  The court's March 21, 2022, order directing plaintiff to file an opposition advised that failure to oppose defendants' summary judgment motion would result in a recommendation that this action be dismissed. (ECF No. 44 at 2.)  In light of the warnings plaintiff received, the court finds this factor weighs in favor of dismissal.

### E.  Public Policy Favoring Disposition of Cases on Their Merits

Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

////
////
////
////
////

4

**IV.     Conclusion**

The undersigned finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 36) be denied as moot; and

2.  This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 8, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/watk1360.no.msj.fr

5